## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-cv-591-FDW

| | | |
|---|---|---|
| **RODNEY KEITH WHITAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **KEITH WHITENER,** | ) | |
| **Superintendent, Alexander** | ) | |
| **Correctional Institution,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint.

(Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

## I.     BACKGROUND

Plaintiff, a North Carolina prisoner, filed a complaint under 42 U.S.C. § 1983 alleging

that he is Jewish and prefers a Kosher meal. Plaintiff asserts that on several occasions his Kosher

meal has been delivered with delay and sometimes cold. Plaintiff also contends that his Kosher

meal is placed on a tray that is transported in a cooler with non-Kosher meals. Plaintiff states that

he participated unsuccessfully in the Administrative Remedy Procedure and that he has

exhausted his remedies. In his claim for relief, Plaintiff seeks $2,000 for being denied his Kosher

diet; $3,000 for violation of his religious freedom; and $2,000 for having to eat cold food. (Doc.

No. 1 at 4).

## II.     STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner

"seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which sets forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.    DISCUSSION

As noted, Plaintiff is presently incarcerated and was so at the time he filed this complaint. Accordingly, he is bound to satisfy certain statutory requirements before he can pursue relief under § 1983 in federal court. Plaintiff provides evidence that he completed the grievance process for one grievance (#4870S13327) through his submission of the resolution of the Step Three review. See (Doc. No. 3 at 9). However, Plaintiff provides no paperwork from the North Carolina Department of Public Safety which would indicate that he has completed the Step Three review for the second grievance (#4870-S-13-273). Nevertheless, Plaintiff appeared before a

notary and averred that he had exhausted his administrative remedies before his filed the present complaint. (Doc. No. 1 at 2, 5). The Court will therefore proceed with the initial review to determine whether Plaintiff has stated a cognizable claim. See 42 U.S.C. § 1997(e)(a). [1]

Plaintiff contends that serving cold portions of his Kosher meals, or serving them late, or having such meals delivered along with meals that are not Kosher violates his right to the free exercise of his religion. (Doc. No. 1 at 4). This argument has repeatedly been rejected as insufficient to state a claim for relief. See Kretchmar v. Beard, 241 F. App'x 863, 865 (3d Cir. 2007) ("As we have previously held that the cold Kosher diet of which Kretchmar complains survives Constitutional scrutiny . . .) (citing Johnson v. Horn, 150 F.3d 276, 283 (3d Cir. 1998), overruled on other grounds by, Dehart v. Horn, 227 F.3d 47, 55 (3d Cir. 2000)). Plaintiff does not contend that he is being denied his Kosher meals; rather, Plaintiff objects to the temperature of the meals and the way they are transported, and the time in which they are transported. To the extent that he may dine on a cold meal, or a meal that lingered too long before being delivered, this argument must be rejected. See, e.g., Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (explaining that de minimus burdens on the free exercise of religion do not run afoul of the Constitution) (citing cases); Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992) (finding no constitutional violation when prisoner was served cold food). Likewise, Plaintiff has failed to allege any facts which support his contention that transporting his meal with other meals has burdened his right to practice religion.

For the reasons stated, the Court finds that Plaintiff has failed to state a claim that his

---

[1] See Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing the three-step Administrative Remedy Procedure ("ARP") which controls the filing of grievances in North Carolina prisons); see also N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A).

First Amendment right to the free exercise of religious practice has been violated on the facts alleged in his complaint.

### IV.    CONCLUSION

**IT IS, THEREFORE**, **ORDERED** that:

1.      Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

2.      Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 4).

The Clerk of Court is respectfully directed to close this civil case.

Signed: November 1, 2013

Frank D. Whitney
Chief United States District Judge